UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHRIS GLENNON, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Civil Action No. _____ |
| LUMBER LIQUIDATORS, INC., a foreign for-profit corporation, | ) ) ) ) |
| *Defendant.* | ) ) ) ) |

**DEFENDANT LUMBER LIQUIDATORS, INC.'S**
**NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), by and through its undersigned counsel, hereby removes this civil action from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida to this Honorable Court, and in support thereof states as follows:

**BACKGROUND AND TIMELINESS OF REMOVAL**

1.  On or about February 28, 2019, Plaintiff Chris Glennon ("Plaintiff") filed his Complaint and Demand for Jury Trial in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida (the "Complaint"). Lumber Liquidators was served with a copy of the Complaint on or about March 8, 2019. This Notice of Removal is filed within thirty (30) days of the date on which the Complaint was served. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

## VENUE

2. Venue properly lies in the Middle District of Florida, Jacksonville Division, because Plaintiff filed the state court action in this judicial district and division. See 28 U.S.C. § 1441(a) (state court civil actions may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"). Venue also is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

## GROUNDS FOR REMOVAL

3. Removal of this case is proper under 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction in civil actions where the amount of controversy exceeds $75,000, and diversity of citizenship exists between the parties.

5. Original or subject matter jurisdiction exists in this action, as complete diversity of citizenship exists between the parties and the allegations in Plaintiff's Complaint demonstrate an amount in controversy that exceeds $75,000.

### A.   Complete Diversity Exists Between Plaintiff and Defendant.

6. Upon information and belief, Plaintiff is a citizen of the State of Florida. (*See* Pl.'s Compl. ¶¶ 13, 16, attached hereto as Exhibit A.)

7. Defendant Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business in Virginia. (Pl.'s Compl. ¶ 18.) Therefore, under 28 U.S.C. § 1332(c)(1),

2

Lumber Liquidators is a citizen of both the State of Delaware and the Commonwealth of Virginia.

8. Because Plaintiff is a citizen of the State of Florida and Defendant Lumber Liquidators, Inc. is a citizen of the State of Delaware and the Commonwealth of Virginia, complete diversity of citizenship exists among them.

### B. The Amount in Controversy Exceeds $75,000.

9. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014). No submission of evidence accompanying the removal notice is required. *Id.* Without conceding any merit to Plaintiff's allegations of liability for his purported damages, a fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000.

10. Plaintiff alleges he purchased over 1000 square feet of laminate flooring, for approximately $2500, that contained high levels of formaldehyde. (Pl.'s Compl. ¶¶ 46, 53; *see also id.* ¶ 12 (pleading state Circuit Court jurisdictional requirement that damages "exceed[ ] Fifteen Thousand Dollars ($15,000.00), exclusive of attorney fees and costs").) Plaintiff alleges that as a result of the alleged formaldehyde in his flooring, he experienced "extreme shortness of breath, weakness, fatigue, incessant coughing and sneezing, nosebleeds, blood shot eyes, headaches, and nightmares," for which he sought medical care. (*Id.* ¶¶ 55, 57.) Furthermore, because of the alleged formaldehyde in his flooring and the claimed health risks associated with it, Plaintiff claims that he had to move out of his home and undertake the expense of removing the home's flooring and replacing it with new flooring. (*Id.* ¶¶ 60-61.) He goes on to claim that he has sustained "bodily injuries, disability, physical impairment, incurred medical expenses,

loss of income, future loss of ability to earn money," and that such damages are "permanent and continuing in nature and Plaintiff will continue to suffer said losses in the future." (*Id.* ¶ 81.) Plaintiff also claims an entitlement to attorneys' fees and costs in connection with this action. (*Id.* ¶¶ 72, 78.)

11. In light of Plaintiff's allegations, Lumber Liquidators must remove this case now to avoid a finding of untimely removal after discovery begins. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015) (removal untimely because amount in controversy, though unspecified, was apparent from face of complaint) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)); *see also Faulk v. Superior Indus. Int'l, Inc.*, 851 F. Supp. 457, 459-60 (M.D. Fla. 1994) (defendant could not excuse untimely removal based on unspecified damages, where Complaint alleged damages in excess of $15,000, and the severity of the injury and claims for future losses together made it apparent that the amount in controversy was met).

12. Accordingly, based on all of Plaintiff's claimed damages, the amount in controversy exceeds $75,000.

13. Because both requirements of diversity of citizenship and an amount in controversy exceeding $75,000 are present, this Court has jurisdiction under 28 U.S.C. § 1332.

**ATTACHMENT OF STATE COURT PLEADINGS AND NOTICE TO STATE COURT**

14. Pursuant to the provisions of 28 U.S.C. § 1446(a) and Local Rule 4.02, Lumber Liquidators attaches to this Notice as Exhibit A, and incorporates by reference, copies of all process, pleadings, orders, and other papers and exhibits of every kind on file in the state court.

15. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the Fourth Judicial Circuit in and

for Duval County, Florida, and shall be served on counsel for Plaintiff, promptly after the filing of this Notice of Removal. An unexecuted copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as Exhibit B.

## CONCLUSION

WHEREFORE, Lumber Liquidators hereby removes this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated: April 5, 2019

Respectfully submitted,

*/s/ Jeffrey A. Yarbrough*
Jeffrey A. Yarbrough
Trial Counsel
Florida Bar No. 0014892
Shea M. Moser
Florida Bar No. 0029265
MOSELEY PRICHARD PARRISH
KNIGHT & JONES
501 West Bay Street
Jacksonville, Florida 32202
904.421.8442 (Telephone)
904.354.0194 (Facsimile)
Primary Email: jyarbrough@mppkj.com
Secondary Email: leah@mppkj.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail to Leslie A. Goller, Esq. at lgoller@terrellhogan.com and krodriguez@terrellhogan.com, this 5th day of April, 2019.

*/s/ Jeffrey A. Yarbrough*
Attorney for Defendant

5